```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                 :
BARON ERBY,                      :
              Petitioner,        :
                                 :   04 Civ. 1508 (BSJ)(DF)
         v.                      :
                                 :
WILLIAM PHILLIPS,                :   Memorandum Order
Superintendent, Green Haven      :
Correctional Facility            :
                                 :
              Respondent.        :
--------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/09

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Habeas Petitioner Baron Erby to the Report and Recommendation ("R&R") of Magistrate Judge Debra Freeman recommending the denial of Erby's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court adopts the R&R, overrules Erby's objections and DENIES his Habeas Petition.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Following a jury trial in New York State Supreme Court, New York County, Erby was convicted of Murder in the Second Degree, Criminal Possession of a Weapon in the Second Degree, and Criminal Possession of a Weapon in the Third Degree, on July 7, 1998. Upon his conviction, Erby was sentenced to concurrent terms of imprisonment of twenty-five years to life, fifteen years and three years.

At his trial, prior to opening statements and outside of the presence of the jury, the prosecutor requested the closure of the courtroom for the limited purpose of excluding Petitioner's sister, Carlita Thomas ("Thomas") from the courtroom during the testimony of Daisy Fuentes ("Fuentes"), an eyewitness to the shooting. (R&R at 9.) The prosecutor proffered that Fuentes testified in front of the Grand Jury that "Carlita Thomas has indicated that whoever it was that was going to testify, they were going to kill him." Id. Additionally, the prosecutor averred that there were a number of witnesses who had observed the shooting but refused to testify out of fear for their personal safety; and that one potential witness had been slashed and two other witnesses were under police protection. Id.

The defense opposed the motion to close the courtroom, contending that the alleged threats were not specific and that it was highly implausible that the witnesses were in any real danger. Id. The trial court granted the prosecution's request, concluding that

> There is a pattern that the district attorney has observed of people not being willing to testify, even though they are willing to admit in his office in private...that they saw [Petitioner] shoot Mr. Mcloyd...[A]nd because I have in addition to that sworn Grand Jury testimony from an eyewitness to this crime that she has been threatened by one individual,

2

> Carlita Thomas, I believe that it is appropriate...to close the Courtroom in the following way: [w]hile Miss Fuentes is on the stand, Miss Thomas will not be in the Courtroom.

(R&R at 10.)  After Fuentes testified, the prosecutor noted for the record that Thomas had not appeared at the courtroom or building and therefore was not prevented from entering.  Id.

Erby appealed his conviction to the Appellate Division, First Department, and on July 2, 2002, his appeal was denied.  See People v. Erby, 296 A.D.2d 311; 744 N.Y.S.2d 322 (1st Dep't 2002.)  Erby then sought leave to appeal to the Court of Appeals, and on November 7, 2002, was denied leave to appeal without opinion.  See People v. Erby, 99 N.Y.2d 535 (N.Y. 2002.)  On January 23, 2004, Erby filed his federal petition for a writ of habeas corpus.  On November 5 and 19, 2004, Petitioner and his attorney each filed motions pursuant to Section 440.10 of the Criminal Procedure Law; both were denied by the trial court on March 2, 2005.  On April 21, 2005, Petitioner's then-counsel of record in this proceeding, Alireza Dilmaghani, Esq. moved, on his behalf, to hold this habeas proceeding in abeyance while Petitioner exhausted state remedies on new habeas claims.  Magistrate Judge Freeman denied that motion on September 27, 2005.

3

On January 19, 2006, Magistrate Judge Freeman relieved Dilmaghani from his representation of Petitioner, as a result of his persistent failure to be responsive to either Petitioner or the Court. In so doing, Magistrate Judge Freeman granted Petitioner leave to file a *pro se* motion for reconsideration of her September 27, 2005 denial of Petitioner's motion for a stay. On February 3, 2006, Petitioner filed a reconsideration motion. On June 19, 2008, Magistrate Freeman granted Petitioner's motion for reconsideration, but, upon reconsideration, denied Petitioner's request for a stay of these proceedings.

On June 19, 2008, Magistrate Judge Freeman issued a thorough R&R recommending the denial of Erby's petition. That R&R describes the procedural history and additional facts in some detail, familiarity with which is presumed. On July 21, 2008, Petitioner wrote a letter to Magistrate Judge Freeman, which he requested be treated as a motion for expansion of the record, based on the facts highlighted on pages 15-17 in the R&R. On September 3, 2008, Magistrate Judge Freeman issued an Order Expanding the Record and a Supplemental Report and Recommendation (the "Supp. R&R".) In view of the expanded record, Magistrate Judge Freeman *sua sponte* reconsidered its Report and Recommendation dated June 19, 2008 and withdrew Section I

of that R&R.  (Supp. R&R at 3.)  However, the Supp. R&R left Section II of the R&R intact and directed the Petition's dismissal in its entirety, as without merit or procedurally barred.  (Supp. R&R at 3-4.)

## II. Discussion

### a. Standard of Review

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part."  28 U.S.C. § 636(b)(1)(C).  The Court reviews *de novo* any portions of a Magistrate Judge's R&R to which a petitioner has stated an objection.  28 U.S.C. § 636(b)(1)(C); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error."  Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (quoting Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

### b. Erby's Objections

Petitioner raises two specific objections to Magistrate Judge Freeman's original R&R, contending that

5

(1) the issue of a violation to his right to a public trial was exhausted (in objection to pages 15-17 of the R&R); and (2) the state courts' determination that he was not denied his right to a public trial constituted an "unreasonable application" of federal law (in objection to pages 22-24 of the R&R). As previously stated, in the Supp. R&R, Magistrate Judge Freeman addressed Petitioner's first objection by withdrawing Section I (pages 15-17) of the R&R. This rendered Petitioner's first objection moot. His only remaining objection therefore concerns pages 22-24 of the R&R, which found that his right to a public trial was not violated when Thomas was excluded from the courtroom during Fuentes' testimony.

The Sixth Amendment provides a guarantee that the accused "shall enjoy the right to a public trial." U.S. Const. amend. VI. The Supreme Court has held that the public has a qualified First Amendment right to attend a criminal trial, but "the right to an open trial may give way in certain cases to other rights or interests." Waller v. Georgia, 467 U.S. 39, 44-45 (1984). In Waller, the Supreme Court held that "to close a proceeding: (1) the party seeking closure must advance an 'overriding interest that is likely to be prejudiced'; (2) the closure must be 'no broader than necessary to protect that interest'; (3)

the trial court must consider 'reasonable alternatives' to closure; and (4) the court must 'make findings adequate to support the closure'." Rodriguez v. Miller, 499 F.3d 136, 142 (2d Cir. 2007) (citing Waller, 467 U.S. at 48).

Petitioner contends that Thomas' exclusion from trial violated the first and fourth prong of the Waller test, and that that failure was an unreasonable application of clearly established federal law. (Petitioner's Objections to Magistrate's Report and Recommendation ("Pet. Obj.") at 7, 9.)

### i. Overriding Interest

Petitioner argues that the trial court erred in closing the court because the prosecutor failed to present evidence of an "overriding interest" likely to be prejudiced without Thomas' exclusion. He bases this assertion primarily on the prosecutor's failure to specify when and where the alleged threats were made. (Pet. Obj. at 11.) To diminish the legitimacy of any perceived threat, Petitioner further emphasizes the fact that, at the time of her testimony, Fuentes resided outside the state. (Id.) Additionally, Petitioner reiterates the argument he made on appeal that the closure was unjustified because the prosecutor:

7

> "(1) failed to present evidence illustrating she was currently in danger or afraid to testify in an open court; (2) illustrate the fear was genuine and well-grounded; (3) whether the exclusion of Thomas would address the arguments made on her behalf; and (4) reference to her Grand Jury testimony, standing alone was insufficient to justify the exclusion of Thomas from the courtroom – even for a limited time."

(Pet. Obj. at 12.)

It is well-settled that in some instances, the safety of a witness constitutes an overriding interest justifying closure, especially in cases involving witnesses whose lives have been threatened. Woods v. Kuhlmann, 977 F.2d 74, 76 (2d Cir. 1992). Woods held that a trial court properly excluded certain members of the defendant's family from the courtroom during one witness' testimony, when there was evidence that the witness had been threatened by those family members. Woods, 977 F.2d at 77. Along those lines, on the basis of Fuentes' specific testimony before the grand jury regarding the threats made by Thomas, as well as the prosecutor's corroboration of those threats with additional information indicating witness intimidation, the trial court's closure here advanced the "overriding interest" of witness safety. (R&R at 23.)

Petitioner relies on Guzman v. Scully, 80 F.3d 773, 774-776 (2d Cir. 1996), which found a trial court's conclusory findings inadequate to justify the closure of

8

the courtroom to defendant's four family members. Guzman held, however, that the requirement of an "overriding interest" in favor of closure is slightly relaxed where the moving party seeks only a partial closure of the courtroom, rather than a complete closure. Id. at 775. In those situations, the moving party must show only a "substantial reason" rather than an "overriding interest." Woods, 977 F.2d at 76-77. Additionally, in Guzman the court heard no witnesses or argument on the closure issue, but relied upon generalized contentions of fear made by the prosecutor. Guzman, 80 F.3d 773.

In this case, the trial court was provided with evidence of a substantial reason, as well as an overriding interest. The prosecutor presented the closure argument and offered specific evidence relating to an actual threat in the form of Fuentes' grand jury testimony, as well as a list of other witnesses who had refused to testify in court out of fear for their safety. Further, Thomas was the only witness excluded here. Petitioner's reliance on Guzman is therefore unavailing.

Next, Petitioner contends that Magistrate Judge Freeman was incorrect to rely upon Bowden v. Keane, 237 F.2d 125, 130 (2d Cir. 2001) and Bobb v. Senkowski, 196 F.3d 350, 353 (2d Cir. 1999) to illustrate that threats

9

against a witness constitute an "overriding interest" that may warrant closure. (Pet. Obj. at 13.) Despite Petitioner's assertions, the Court finds that the R&R correctly cited these cases to show that such an interest satisfies the first element of the Waller analysis. Bowden, 237 F.2d at 130 (in the case of a limited courtroom closure, "even a generalized fear that [the witness'] safety could be endangered by testifying in open court" suffices to satisfy Waller's first prong); Bobb, 196 F.3d at 353 (witness' fear for his safety amounted to an "overriding interest" under Waller). Petitioner's argument is therefore unpersuasive.

In sum, the Court agrees with the R&R's determination that an "overriding interest" justified the limited courtroom closure at issue here.

### ii. Adequate Findings

Petitioner argues that the trial court failed to make findings adequate to support the closure. (Pet. Obj. at 15.) To the contrary, however, that court grounded its decision on Fuentes' specific testimony before the grand jury concerning Thomas' threat to kill anyone who testified against Petitioner. Moreover, the trial court noted that the prosecutor's representations relating to other

instances of witness intimidation corroborated Fuentes' grand jury testimony.  (See R&R at 23.)

With respect to this argument, Petitioner relies on English v. Artuz, 164 F.3d 105, 109 (2d Cir. 1998). English is easily distinguishable, however, in that the witness there testified that he was not afraid of testifying before the defendant's family and did not even know them, and the prosecutor only speculated that the family was intimidating the witness.  By contrast, as noted above, Fuentes testified before the grand jury that Thomas' threats and her resultant fears caused her to move out of the state.  And the prosecutor supported Fuentes' concern with evidence that other witnesses were afraid to testify in open court.

In that light, the Court agrees with the R&R's determination that the trial court made "adequate findings to support the closure" at issue.  Contrary to Petitioner's objections, he was not denied his right to a public trial.

### c. Erby's Other Habeas Claims

As to Erby's remaining claims, the Court finds Magistrate Judge Freeman's R&R thorough, well-reasoned and not clearly erroneous.  Accordingly, the Court adopts

Magistrate Judge Freeman's recommendation not to issue a writ of habeas corpus on the basis of those claims.

### III. Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of Magistrate Judge Freeman in its entirety and DENIES Erby's Petition for a Writ of Habeas Corpus. Because Erby has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.

The Clerk of the Court is directed to close this case.

SO ORDERED:

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         June 30, 2009